**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
MAR 1 8 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHIDWHITE ENTERPRISES, INC., and
JERRY L. CHIDESTER,

Defendants

: Civil Action No. A-01CA-131SS

## FINAL JUDGMENT BY DEFAULT
## AS TO CHIDWHITE ENTERPRISES, INC. and JERRY L. CHIDESTER

This matter came before this Court on the motion of plaintiff, Securities and Exchange Commission, seeking entry of a final judgment by default, providing it with the relief requested in its Complaint against defendants Chidwhite Enterprises, Inc. ("Chidwhite"), and Jerry L. Chidester ("Chidester"), by reason of their failure to answer the Commission's Complaint, or otherwise appear in or defend this civil action.

This Court having considered the pleadings and declarations on file herein makes the following findings of fact and conclusions of law:

1.  The Commission's Complaint commencing this civil action against Chidwhite and Chidester was filed on February 28, 2001, and Chidwhite and Chidester were served with the Commission's Complaint, and this Court's Summons, on April 16, 2001.

2.  Neither Chidwhite nor Chidester has filed an answer to the Commission's Complaint, and neither of them has otherwise appeared before this Court to defend in this cause.



The allegations in the Commission's Complaint as to Chidwhite's and Chidester's conduct and activities are, as to them, deemed admitted.

3. Chidester is not an infant, nor incompetent. He is not eligible for relief under the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U.S.C. Appendix, § 501 et seq.].

4. The Court has personal jurisdiction over Chidwhite and Chidester, and subject matter jurisdiction over this action. Venue is proper in this district.

5. The Commission seeks the entry of an order that directs Chidwhite and Chidester to pay disgorgement, representing the amount paid or attributable to them from the proceeds of unlawful securities transactions set out in the Commission's Complaint and prejudgment interest accrued at the rate permitted by law, from the date the funds were received through the date of this motion.

6. The Commission seeks an order enjoining Chidwhite and Chidester from committing future violations, or causing future violations, of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77(a)(c) and 77q(a)], and Section 10b of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [15 U.S.C. § 78j(b)].

7. The Commission seeks to recover an appropriate civil penalty from Chidwhite and Chidester pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, because his violations of the federal securities laws, as described in the Commission's Complaint, (a) involved fraud, deceit and a deliberate or reckless disregard of regulatory requirements, and (b) directly or indirectly resulted in substantial losses to investors or, at least, created a significant risk of substantial losses to investors.

8. Upon entry of the default judgment, the Commission will present evidence to this Court regarding the amount of disgorgement that represents Chidwhite's and Chidester's ill-gotten gains, and the prejudgment interest calculation. Further, the commission staff, after obtaining approval from the Commission, will recommend a civil money penalty in a specific amount.

On the basis of the foregoing findings of fact and conclusions of law, it is therefore ORDERED:

**IT IS HEREBY ORDERED, ADJUDGED** and **DECREED** that Chidwhite and Chidester, their officers, agents, servants, employees, attorneys-in-fact and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

a. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell the securities of any issuer, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect as to such securities;

b. carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, the securities of any issuer, unless and until a registration statement is in effect as to such securities; or

c.     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise the securities of any issuer, unless and until a registration statement has been filed with the Commission as to such securities, or while a registration statement as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

**IT IS FURTHER ORDERED, ADJUDGED** and **DECREED** that Chidwhite and Chidester, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently enjoined from violating sections 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77q(a), by, directly or indirectly, in any way in connection with the offer or sale of any security by the use of any means or instrument of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly --

a.     employing any device, scheme or artifice to defraud, or

b.     obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which were made, not misleading, or

c.     engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

**IT IS FURTHER ORDERED ADJUDGED** and **DECREED** that Chidwhite and Chidester, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently enjoined from violating Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange,

 a. employing any device, scheme or artifice to defraud,

 b. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which were made, not misleading, or

 c. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person

IV.

**IT IS FURTHER ORDERED, ADJUDGED** and **DECREED** that based on the defendants' Default and their incumbent admission of the facts plead against them in the Commission's Complaint, disgorgement should be ordered, and prejudgment interest thereon, and a civil money penalty assessed. Upon entry of this Order, the Commission shall make application to this Court, supported by affidavit or declaration, for an order setting the disgorgement amount, and assessing prejudgment interest and a civil money penalty. Following

entry of such order and assessment, the Commission shall request entry of a final judgment, pursuant to Fed. R. Civ. P., Rules 54 and 58.

V.

This Court shall retain jurisdiction over this action for all purposes, including for purposes of entertaining any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court, including but not limited to the relief requested by the Commission in its Complaint.

VI.

This Final Judgment may be served upon Chidwhite and Chidester in person or by mail either by the United States Marshal, the Clerk of the Court, or any member of the staff of the Securities and Exchange Commission.

VII.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment pursuant to rules Fed. R. Civ. P., Rules 54, 58 and 79.

SIGNED this _15th_ day of March 2002.

_____
UNITED STATES DISTRICT JUDGE