IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2002 AU -6 AM 10: 48
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY: _____
         DEPUTY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. A-01CA-131SS |
| CHIDWHITE ENTERPRISES, INC., and<br>JERRY L. CHIDESTER,<br>Defendants. | : |

### AMENDED FINAL JUDGMENT BY DEFAULT
### AS TO CHIDWHITE ENTERPRISES, INC. and JERRY L. CHIDESTER

This matter came before this Court on the motion of Plaintiff, Securities and Exchange Commission, seeking entry of a final judgment by default, providing it with the relief requested in its Complaint against Defendants Chidwhite Enterprises, Inc. ("Chidwhite"), and Jerry L. Chidester ("Chidester"), by reason of their failure to answer the Commission's Complaint, or otherwise appear in or defend this civil action.

This Court having considered the pleadings and declarations on file herein makes the following findings of fact and conclusions of law:

1. The Commission's Complaint commencing this civil action against Chidwhite and Chidester was filed on February 28, 2001, and Chidwhite and Chidester were served with the Commission's Complaint, and this Court's Summons, on April 16, 2001.

2. Neither Chidwhite nor Chidester has filed an answer to the Commission's Complaint, and neither of them has otherwise appeared before this Court to defend in this cause. The allegations



in the Commission's Complaint as to Chidwhite's and Chidester's conduct and activities are, as to them, deemed admitted.

3.  Chidester is not an infant, nor incompetent. He is not eligible for relief under the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U.S.C. Appendix, § 501 et seq.].

4.  The Court has personal jurisdiction over Chidwhite and Chidester, and subject matter jurisdiction over this action. Venue is proper in this district.

5.  The Commission seeks the entry of an order that directs Chidwhite and Chidester to pay disgorgement, representing the amount paid or attributable to them from the proceeds of unlawful securities transactions set out in the Commission's Complaint and prejudgment interest accrued at the rate permitted by law, from the date the funds were received through the date of this motion.

6.  The Commission seeks an order enjoining Chidwhite and Chidester from committing future violations, or causing future violations, of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), (c) and 77q(a)] and Section 10b of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

7.  The Commission seeks to recover an appropriate civil penalty from Chidwhite and Chidester pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, because their violations of the federal securities laws, as described in the Commission's Complaint, (a) involved fraud, deceit, and a deliberate or reckless disregard of regulatory requirements, and (b) directly or indirectly resulted in substantial losses to investors or, at least, created a significant risk of substantial losses to investors.

8.  As directed by the Court's Final Judgment by Default As To Chidwhite Enterprises, Inc. and Jerry L. Chidester entered on March 18, 2002, the Commission has presented evidence to

this Court regarding the amount of disgorgement which represents Chidwhite's and Chidester's ill-gotten gains, and the prejudgment interest due thereon. As further provided by the judgment, the Commission has recommended a civil money penalty in a specific amount.

9. The Commission has recommended that the disgorgement amount as to Chidester be set at $95,885. It has recommended that the prejudgment interest on this amount be set at $12,914. It has recommended a third-tier, civil money penalty against Chidester of $110,000.

10. The Commission has further recommended that its claims for disgorgement, prejudgment interest, and a civil money penalty against Chidwhite Enterprises be dismissed.

11. This Court accepts the recommendations of the Commission.

**ACCORDINGLY,** the Final Judgment by Default As To Chidwhite Enterprises, Inc. and Jerry L. Chidester entered upon March 18, 2002, is hereby amended to read as follows:

I.

**IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that Chidwhite and Chidester, their officers, agents, servants, employees, attorneys-in-fact and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a), (c)] by, directly or indirectly, in the absence of any applicable exemption:

    a. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell the securities of any issuer, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect as to such securities; or

b.  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise the securities of any issuer, unless and until a registration statement has been filed with the Commission as to such securities, or while a registration statement as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Chidwhite and Chidester, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by, directly or indirectly, in any way in connection with the offer or sale of any security by the use of any means or instrument of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly --

a.  employing any device, scheme or artifice to defraud, or

b.  obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which were made, not misleading, or

c.  engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Chidwhite and Chidester, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange,

    a.    employing any device, scheme or artifice to defraud,

    b.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which were made, not misleading, or

    c.    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Jerry L. Chidester shall make disgorgement to the Securities and Exchange Commission, in the amount of $95,885 together with prejudgment interest $12,914. Such payment shall be (1) made by United States postal money order, certified check, bank cashier's check or bank money order (2) made payable to the Securities and Exchange Commission; (3) hand-delivered, mailed or couriered to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia 22312-2413, and (3) submitted under cover letter that identifies Chidester as a defendant in these proceedings and states the file number of these

proceedings, a copy of which cover letter and money order or check shall be sent to District Administrator, Fort Worth District Office, Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas 76102-6882.

V.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Defendant Chidester shall pay a civil monetary penalty in the sum of $110,000 to the United States Treasury. Such payment shall be (1) made by United States postal money order, certified check, bank cashier's check or bank money order (2) made payable to the Securities and Exchange Commission; (3) hand-delivered, mailed or couriered to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia 22312-2413, and (3) submitted under cover letter that identifies Chidester as a defendant in these proceedings and states the file number of these proceedings, a copy of which cover letter and money order or check shall be sent to District Administrator, Fort Worth District Office, Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas 76102-6882. Payments of civil money penalties shall be made only after the obligation to make disgorgement is satisfied.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that the Commission's claims for prejudgment interest, and a civil money penalty against Defendant Chidwhite Enterprises are dismissed.

VII.

This Court shall retain jurisdiction over this action for all purposes, including for purposes of entertaining any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court, including but not limited to the relief requested by the Commission in its

Complaint.

## VIII.

This Final Judgment may be served upon Chidwhite and Chidester in person or by mail either by the United States Marshal, the Clerk of the Court, or any member of the staff of the Securities and Exchange Commission.

## IX.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Amended Final Judgment pursuant to rules Fed. R. Civ. P. 54, 58, and 79.

SIGNED this 5th day of August 2002.

_____
UNITED STATES DISTRICT JUDGE